UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:23-cv-01199-FLA-MAA                    Date:  September 1, 2023

Title:    Israel Gutierrez Zamora v. Bryan D. Phillips

Present:    The Honorable MARIA A. AUDERO, United States Magistrate Judge

|  Narissa Estrada  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

|  Attorneys Present for Petitioner:  |  Attorneys Present for Respondent:  |
|---|---|
|  N/A  |  N/A  |

**Proceedings (In Chambers):          Order re: Filing of Petition**


On July 3, 2023, Petitioner Israel Gutierrez Zamora, acting *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").  (Pet. ECF No. 1.)  The Petition alleges two grounds for federal habeas relief: (1) Petitioner was denied his Sixth Amendment right to a trial by an impartial jury due to juror misconduct ("Ground One"); and (2) Petitioner was denied his Sixth and Fourteenth Amendment rights to due process, a fair trial, and effective assistance of counsel for his defense ("Ground Two").  (*Id.* at 5–6.)[1]  Petitioner attached to the Petition several documents apparently filed in California state courts relating to his criminal conviction, including: (1) the cover sheet, table of contents, and table of authorities for a brief to the California Court of Appeal in case no. G055827 (*Id.* at 18–21); (2) a petition to the California Supreme Court for review of the decision in Case No. G059259 (*id.* at 22–38); (3) an opinion by the California Court of Appeal in Case No. G059259 (*id.* at 39–48); and (4) an opinion by the California Court of Appeal in Case No. G061537 (*id.* at 49–53).

The Petition appears to suffer from certain procedural defects that must be addressed by Petitioner so that the Court may determine whether he will be permitted to proceed with this action. These potential defects are listed below.

The Court **ORDERS** Petitioner to respond to the following issues by no later than **October 2, 2023**.

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the CM/ECF-generated headers of the cited documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:  8:23-cv-01199-FLA-MAA                                    Date:  September 1, 2023

Title:     Israel Gutierrez Zamora v. Bryan D. Phillips

### **Wholly Unexhausted Petition**

Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, the Petition appears to be wholly unexhausted.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  The Court may raise exhaustion issues *sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds.  *See Stone v. San Francisco*, 968 F.2d 850, 855–56 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, Petitioner's grounds for federal habeas relief appear to be wholly unexhausted because he has not presented them in state court through state court habeas proceedings or on direct appeal. (*See* Pet. 3–15.)  As an initial matter, Petitioner concedes that he has not filed any habeas petitions in state court with respect to his judgment of conviction.  (*Id*. at 3 (stating that Petitioner is "preparing to file a habeas petition in the superior court").)  Accordingly, the Court looks to whether Petitioner presented "both the operative facts and federal legal theory" underlying his claims to the state courts on direct appeal.  *Davis*, 511 F.3d at 1009.

With respect to Ground One, Petitioner checked both "yes" and "no" in response to the questions of whether he raised this claim to the California Court of Appeal on direct appeal or in a petition for review to the California Supreme Court. (*Id*. at 5.)  However, the portions of the appellate brief and the petition for review attached to the Petition indicate that Petitioner did not present the federal legal theory underlying Ground One to either the California Court of Appeal or the California Supreme Court. (*See id.* at 18–36.)  Rather, Petitioner raised claims that the trial court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:23-cv-01199-FLA-MAA                                    Date:  September 1, 2023

Title:      Israel Gutierrez Zamora v. Bryan D. Phillips

erred in refusing to release juror information to Petitioner, and argued only violations of state law, not federal law.  (*See id.* at 21 (table of authorities in appellate brief referencing California authorities only), 23 (petition to the California Supreme Court presenting claims that the trial court erred in denying "petition pursuant to California Code of Civil Procedure for release of juror information," and "by applying an incorrect standard of 'good cause' in this case.").)  Furthermore, Petitioner stated that "Ground 1 was not Federalized at the time [] Review was denied" by the California Supreme Court, apparently acknowledging that he has not presented his grounds for federal habeas relief in state court.  (*Id*. at 15.)  For these reasons, it appears Petitioner has not satisfied the exhaustion requirement for Ground One.

With respect to Ground Two, the Petition did not answer the questions of whether Petitioner raised this claim to the California Court of Appeal or the California Supreme Court.  (*Id.* at 5.)  The Court's reading of Petitioner's arguments on appeal is that Petitioner did not present Ground Two on direct appeal because the state court documents Petitioner provided do not present an issue of ineffective assistance of trial counsel.  (*See* Pet. 18–36.)  Thus, it appears Petitioner has not satisfied the exhaustion requirement for Ground Two.  Petitioner must fairly present his claims to the state's highest court before he may maintain a suit in this federal district court.  *See Gatlin*, 189 F.3d at 888.

Petitioner states that he believes this Court has "discretion to stay and abbey[] these proceedings pending the exhaustion of all state remedies" (Pet. 13 n.2) and that "[t]his is a 'PROTECTIVE PETITION'" (*id.* at 15).  However, Petitioner does not expressly request a stay, nor does he state the basis on which the Court should grant such relief.  The Court is unable to determine exactly how Petitioner wishes to proceed without further information as to Petitioner's intentions.

Before the Court makes a recommendation to the District Judge regarding this issue, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court.  Petitioner shall respond to this Order to Show Cause in writing by no later than **October 5, 2023**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

(1) Notice of Dismissal.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:23-cv-01199-FLA-MAA                                    Date:  September 1, 2023

Title:     Israel Gutierrez Zamora v. Bryan D. Phillips

(2) Request for *Rhines* Stay.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the U.S. Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277–78.

(3) Response to Order to Show Cause.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show Cause.  Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.  (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is cautioned that failure to respond to this Order by October 5, 2023 may result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

\* \* \*

This Order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order. *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))