**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISRAEL GUTIERREZ ZAMORA,<br><br>Petitioner,<br><br>v.<br><br>BRYAN D. PHILLIPS,<br><br>Respondent. | Case No. 8:23-cv-01199-FLA-MAA<br><br>**ORDER GRANTING MOTION FOR STAY AND ABEYANCE (ECF No. 11)**<br><br>**(JS-6)** |

**I.   INTRODUCTION**

Pending before the Court is Petitioner's Motion for Stay and Abeyance of this action pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) ("*Rhines*") ("Stay Motion").  (Stay Mot., ECF No. 11.)  For the reasons discussed below, Petitioner's Stay Motion is **GRANTED**.

**II.   BACKGROUND**

**A.   Procedural History**

On July 3, 2023, Petitioner, acting *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").

(ECF No. 1.)  The Petition alleged two claims for federal habeas relief: (1) Petitioner was denied his Sixth Amendment right to a trial by an impartial jury due to juror misconduct; and (2) Petitioner was denied his Sixth and Fourteenth Amendment rights to due process, a fair trial, and effective assistance of counsel for his defense.  (*Id.* at 5–6.)[1]  The Petition conceded that these claims had not yet been exhausted in state court.  (*Id.* at 3.)  On September 1, 2023, the Court issued an Order screening the Petition and ordering Petitioner to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court ("OSC").  (OSC, ECF No. 8.)  The OSC would be discharged by Petitioner filing a notice of dismissal, request for a stay pursuant to *Rhines*, or a response explaining how the claims in the Petition were exhausted.  (OSC 4.)

On October 16, 2023, Petitioner filed the instant Stay Motion.  (Stay Mot.)  Thereafter, the Court issued an Order Requiring Response to Stay Motion, pursuant to which Respondent was ordered to file either an opposition or notice of non-opposition to the Stay Motion within thirty days of the Order ("ORR to Stay Motion").  (ORR Stay Mot., ECF No. 13, at 2.)  The ORR to Stay Motion allowed for Petitioner to file an optional reply in the event Respondent opposed the Stay Motion.  (*Id.*)  On January 4, 2024, Respondent filed a Notice of Non-Opposition to the Stay Motion, in which Respondent states that he does not oppose the Court granting the Stay Motion.  (Not. Non-Opp'n, ECF No. 15, at 3.)  Thus, the Stay Motion is ripe for decision.

III.   ANALYSIS

   A.   Legal Standard

Under *Rhines*, the prerequisites for obtaining a stay while a petitioner exhausts his state remedies are: (1) that the petitioner has shown "good cause" for

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the CM/ECF-generated headers of the cited documents.

his failure to exhaust his claims earlier; (2) that the unexhausted claims are not "plainly meritless"; and (3) that petitioner has not engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277–78; *see also King v. Ryan*, 564 F.3d 1133, 1139 (9th Cir. 2009).

**B.    Discussion**

The Court considers each prerequisite in turn.

1.    Good Cause

Petitioner contends that there is good cause for his delay in exhausting his claims in state court because he is "representing himself, with no understanding of the law . . . ." (FAP 31.)  Respondent acknowledges that "[i]t appears Petitioner meets the first element of good cause . . . ." (Opp'n 9–11.)

The Ninth Circuit "has held that good cause does not require a showing of 'extraordinary circumstances.'" *Bolin v. Baker*, 994 F.3d 1154, 1157 (9th Cir. 2021) (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)).  "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017).  Nevertheless, the Ninth Circuit established in *Dixon* that a petitioner may establish good cause by showing that he was not represented in state post-conviction habeas proceedings. *See id.* at 722 (noting that "the first element of the *Rhines* test can easily be established" by federal habeas petitioners "to the extent that they were without counsel" in state post-conviction proceedings).

Petitioner lacks counsel in his state post-conviction habeas proceedings, which Respondent does not dispute.  (Stay Mot. 4; Not. Non-Opp'n 3.)  Without ruling on Petitioner's statement that he does not know the law, his lack of counsel alone is sufficient to establish good cause.  *See Dixon*, 847 F.3d at 722.  Bearing in mind that "[t]he good cause element is the equitable component of the *Rhines* test," *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014), the Court concludes that good cause exists for Petitioner's failure to exhaust.

### 2.   Not Plainly Meritless

In addressing the second prerequisite, Petitioner reiterates the claims for relief in the Petition. (Stay Mot. 5–6.) Respondent states that he cannot determine the claims raised in the Petition are plainly meritless. (*See generally* Not. Non-Opp'n.) To satisfy this prerequisite, Petitioner need only show that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon*, 847 F.3d at 722 (quoting *Rhines*, 544 U.S. at 277). The Court is unable to conclude at this stage of the proceedings that Petitioner's unexhausted claims are so devoid of merit that "it is perfectly clear that [he] has no hope of prevailing." *See id.* (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). Although it is unclear at this stage whether Petitioner's claims eventually would warrant federal habeas relief, Petitioner has satisfied the less demanding standard for obtaining a *Rhines* stay. *See id.* at 723 (reasoning that a habeas petitioner's burden to show a claim is not "plainly meritless" in order to obtain a stay pursuant to *Rhines* does not require him to "conclusively establish" that his claim has merit).

### 3.   No Intentional Delay

Petitioner explains that it took months for him to receive his file from his trial attorney, and that once he received it, he had to review the file to make sure it was complete. (Stay Mot. 3.) In addition, Petitioner states that he was delayed in filing a habeas petition in state court because documents were "mistakenly taken during a prison-mass-search of the building." (*Id.* at 3–4.) Respondent acknowledges that Plaintiff filed the Petition four months from the date that his judgment became final, which "shows that he has not intentionally delayed in filing his Petition." (Not. Non-Opp'n 3.) Accordingly, the Court has no basis to find that Petitioner has engaged in abusive litigation tactics or intentional delay.

### C.   Conclusion

For the foregoing reasons, and in light of Respondent's Notice of Non-Opposition to the Stay Motion, the Court finds it appropriate to exercise its

4

discretion to grant Petitioner's Stay Motion.  *See Jackson*, 425 F.3d at 661 (noting that where the *Rhines* prerequisites are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay");  C.D. Cal. L.R. 7-12.

## IV.   ORDER

The Court **ORDERS** as follows:

1.   Petitioner's Stay Motion (ECF No. 11) is **GRANTED**.

2.   The Clerk is **DIRECTED** to administratively close the case (JS-6).

3.   Petitioner shall file status reports with an update about the progress of his habeas petitions in the California courts every **sixty (60)** days, with the first such status report due **sixty (60)** days from the date of this Order.  A request for an extension of time will be granted only upon a showing of good cause.

5.   Upon the issuance of a decision by the California Supreme Court, Petitioner shall lodge a copy of the same with this Court.

6.   Within **thirty (30)** days after the California Supreme Court's ruling on Petitioner's habeas petition, Petitioner shall serve and file a notice with this Court specifying the exhausted claims on which he wishes to proceed ("Notice").

7.   Once Petitioner files the Notice, the Court will issue further orders as appropriate.

DATED:   02/26/2024

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

5