UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   **8:23-cv-01199-FLA-MAA**                        Date: **September 17, 2025**

Title      **Israel Gutierrez Zamora v. Bryan D. Phillips**


Present:    The Honorable MARIA A. AUDERO, United States Magistrate Judge


| Cindy Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |


**Proceedings (In Chambers):**      **Order Directing Petitioner to File Habeas Petition in State Court**


On February 26, 2024, the Court granted Petitioner's motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), and ordered Petitioner to file status reports every sixty (60) days updating the Court about the progress of his habeas petitions in the California courts. (ECF No. 16, at 5.)[1] The Court received Petitioner's most recent status report on September 5, 2025. (ECF No. 26.) The status report suggests that Petitioner has not yet even filed a petition with any California court, more than a year and a half after the Court stayed his case so that he could exhaust his claims in state court. (ECF No. 26.)

A district court may lift a *Rhines* stay for lack of diligence in prosecuting unexhausted claims in state court. *See, e.g.*, *Goodwin v. Madden*, No. CV 15-9156 JFW (PVC), 2022 U.S. Dist. LEXIS 189445, at \*25, 2022 WL 9538126, at \*9 (C.D. Cal. Sept. 15, 2022), *report and recommendation adopted*, No. CV 15-9156 JFW (PVC), 2022 U.S. Dist. LEXIS 188405, 2022 WL 9537884 (C.D. Cal. Oct. 14, 2022); *Alamos v. Sherman*, No. CV 17-02702-PSG (SHK), 2019 U.S. Dist. LEXIS 57561, at \*6, 2019 WL 3312462, at \*2 (C.D. Cal. Jan. 15, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 57562, 2019 WL 3308764 (C.D. Cal. Mar. 25, 2019). Further, a district court is authorized to "place reasonable time limits on a petitioner's trip to state court and back," *Rhines*, 544 U.S. at 278, and may lift a *Rhines* stay if a petitioner fails to meet those time limits, *see, e.g.*, *Villeda v. Seibel*, No. SACV 15-2050-SJO (AGR), 2017 U.S. Dist. LEXIS 215849, at \*10, 2017 WL 7037639, at \*4 (C.D. Cal. Dec. 27, 2017), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 9957, 2018 WL 534285 (C.D. Cal. Jan. 19, 2018). Accordingly, the Court will impose a reasonable deadline by which Petitioner must begin to exhaust his claims in state

---

[1] Pinpoint citations in this Order reference the page numbers generated by CM/ECF headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **8:23-cv-01199-FLA-MAA**                              Date: **September 17, 2025**

Title      **Israel Gutierrez Zamora v. Bryan D. Phillips**

court.  Should Petitioner fail to meet the deadline, the Court will recommend that the stay be lifted and that the petition be dismissed without prejudice.

By no later than **November 17, 2025**, Petitioner (1) shall file a petition for habeas corpus in a California court, and (2) shall file a notice with this Court including a conformed copy of the face page of Petitioner's state-court petition and informing the Court of the case number assigned to his state-court case.  **Petitioner is cautioned that if he fails to file a habeas petition and/or to inform this Court that he has done so, the Court will issue a report and recommendation that the District Judge dismiss the petition without prejudice for failure to exhaust the claims included therein.**

It is so ordered.

---