UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **8:23-cv-01199-FLA-MAA**                          Date: **December 17, 2025**

Title    **Israel Gutierrez Zamora v. Bryan D. Phillips**

Present:    The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**    **Order Extending Deadline by Which Petitioner Must File Habeas Petition in State Court**

On February 26, 2024, the Court granted Petitioner's motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), and ordered Petitioner to file status reports every sixty (60) days updating the Court about the progress of his habeas petitions in the California courts.  (ECF No. 16, at 5.)[1]  On September 17, 2025, the Court noted that Petitioner had not yet filed a petition with any California court, more than a year and a half after the Court stayed his case so that he could exhaust his claims in state court.  (ECF No. 27.)  The Court therefore ordered Petitioner, by no later than November 17, 2025:  (1) to file a petition for habeas corpus in a California court and (2) to file a notice with this Court including a conformed copy of the face page of Petitioner's state-court petition and informing the Court of the case number assigned to his state-court case.  Petitioner was cautioned that, if he failed to do so, the Court would recommend that the District Judge dismiss the petition without prejudice for failure to exhaust the claims included therein.  (*Id.*)

Rather than comply with the Court's order, Petitioner filed a Request to Continue the Stay and Abeyance Order, in which he asserts that he cannot file a state habeas petition until after the California Supreme Court decides the pending case of *In re Montgomery*, S287339, which Petitioner expects will be decided in early February 2026.  (ECF No. 28 at 2.)  According to Petitioner, the California Supreme Court has been routinely denying habeas petitions raising Racial Justice Act claims and asking for discovery under the Racial Justice Act pending the outcome of *In re Montgomery*.  (*Id.*)

The instant Petition, however, does not raise any claims under the Racial Justice Act.  (*See generally* ECF No. 1.)  The pendency of *In re Montgomery*, therefore, would not seem to pose any

---

[1] Pinpoint citations in this Order reference the page numbers generated by CM/ECF headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **8:23-cv-01199-FLA-MAA**                    Date: **December 17, 2025**

Title    **Israel Gutierrez Zamora v. Bryan D. Phillips**

barrier to Petitioner's filing of a habeas petition in California state court.  Even if it did, however, that would not be a reason to continue the stay of this federal proceeding indefinitely.  As explained in the Court's September 17, 2025 Order, Petitioner must show some diligence in attempting to exhaust his claims in state court, which to date he has not done.

The Court will give Petitioner one last chance to begin the exhaustion process in state court. By no later than **January 20, 2026**, Petitioner MUST:  (1) file a petition for habeas corpus in a California court, and (2) file a notice with this Court including a conformed copy of the face page of Petitioner's state-court petition and informing the Court of the case number assigned to his state-court case.  **Petitioner is cautioned that if he fails to comply with this Order, the Court *will* recommend that the District Judge dismiss the petition without prejudice for failure to exhaust the claims included therein.**

It is so ordered.