UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **8:23-cv-01199-FLA-MAA**                    Date: **May 15, 2026**

Title    **Israel Gutierrez Zamora v. Bryan D. Phillips**

Present:    The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**    **Order Directing Petitioner to Provide Report on the Status of His State Habeas Proceedings**

On February 26, 2024, the Court granted Petitioner's motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), and ordered Petitioner to file status reports every sixty (60) days updating the Court about the progress of his habeas petitions in the California courts.  (ECF No. 16, at 5.)[1]  On September 17, 2025, the Court noted that Petitioner had not yet filed a petition with any California court, more than a year and a half after the Court stayed his case so that he could exhaust his claims in state court.  (ECF No. 27.)  The Court therefore ordered Petitioner, by no later than November 17, 2025:  (1) to file a petition for habeas corpus in a California court and (2) to file a notice with this Court including a conformed copy of the face page of Petitioner's state-court petition and informing the Court of the case number assigned to his state-court case.  Petitioner was cautioned that, if he failed to do so, the Court would recommend that the District Judge dismiss the petition without prejudice for failure to exhaust the claims included therein.  (*Id.*)

Rather than comply with the Court's order, Petitioner filed a Request to Continue the Stay and Abeyance Order, in which he asserted that he could not file a state habeas petition until after the California Supreme Court decided the pending case of *In re Montgomery*, S287339, which Petitioner stated that he expected would be decided in early February 2026.  (ECF No. 28 at 2.)  On December 17, 2025, the Court issued an order giving Petitioner "one last chance to begin the exhaustion process in state court," directing Petitioner to do the following by no later than January 20, 2026: (1) file a petition for habeas corpus in a California court AND (2) file a notice with this Court including a conformed copy of the face page of Petitioner's state-court petition and informing the Court of the case number assigned to his state-court case.  (ECF No. 29.)  Petitioner was cautioned that if he failed to comply with that Order his case might be dismissed.  The Court noted that the

---

[1] Pinpoint citations in this Order reference the page numbers generated by CM/ECF headers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **8:23-cv-01199-FLA-MAA**                              Date: **May 15, 2026**

Title      **Israel Gutierrez Zamora v. Bryan D. Phillips**

pendency of a case before the California Supreme Court would not be a reason to continue the stay of this federal proceeding indefinitely and reiterated that Petitioner must show some diligence in attempting to exhaust his claims in state court, which he had not done to that point.

 For reasons unknown to the Court, its order was not entered on the docket and served on Petitioner until December 30, 2025.  Petitioner subsequently filed a request for a continuance of the January 20, 2026 deadline, but not based on the fact that there had a been a delay in service of the Cout's order.  (ECF No. 30.)  Instead, he pointed to the recent dismissal of the *In re Montgomery* case, stating that he anticipated his state habeas petition would be filed within the next few days. (*Id.*)

 By now, Petitioner should have had sufficient time to file his state habeas petition. Accordingly, Petitioner is ordered to file with this Court, **no later than thirty (30) days from the date of entry of this order**, a notice informing the Court of the case number assigned to his state-court case and including a conformed copy of the face page of Petitioner's state-court petition.

 **Petitioner is cautioned that if he fails to comply with this Order, the Court will recommend that the District Judge dismiss the petition without prejudice for failure to exhaust the claims included therein.**

 It is so ordered.

---